### PEOPLE ex rel. SHENFIELD v. WALDO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. April 3, 1914.)

MUNICIPAL CORPORATIONS (§ 185*)—POLICEMEN—REMOVAL—SUFFICIENCY OF CHARGE.

A specification of a charge of neglect of duty by a policeman, which alleged that, having been informed that certain property had been stolen or lost, and was now in the possession of another, he failed to take proper police action in the matter, does not show what constituted the neglect of duty, and is not sufficient to warrant a dismissal of the patrolman.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Certiorari by the People, on the relation of Leo Shenfield, against Rhinelander Waldo, as Police Commissioner of the City of New York, to review an order dismissing the relator from the police force. Order annulled, and relator reinstated.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Jacob Rouss, of New York City, for relator.
James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on the brief), for respondent.

PER CURIAM. The relator, a patrolman in the police department of the city of New York, was dismissed from the uniformed force. The charge was "neglect of duty, conduct unbecoming an officer, and violation of the rules." There were three written specifications of these charges. After a hearing, the police commissioner determined that the relator was not guilty of the second and third specifications, but that he was guilty of the first, which reads:

"Said Patrolman Leo Shenfield, shield No. 1249, having been informed that the carcass of a hog, the property of Richard Webber, 120th street and Third avenue, had been lost or stolen from a wagon on the morning of September 6, 1912, on Central Park West, somewhere between Forty-Second street and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

North River and 120th street and Third avenue, and that the same was in the possession of one Herman Peters, No. 951 Columbus avenue, failed to take proper police action in the matter."

The commissioner determined, also, that the relator was guilty of the charge, except as to the words "conduct unbecoming an officer," which doubtless means he made a finding of neglect of duty and violation of the rules. No rule, of a violation of which there is any evidence, is returned in the record. The charge of neglect of duty remains as the sole basis of the order of dismissal. Of what constituted the neglect of duty we have not been advised, and we cannot conceive of any legal duty that the relator neglected to perform.

The determination should be annulled, with $50 costs and disbursements, and the relator reinstated.